IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARLOS GARZA, #54026-019                                                    PETITIONER

versus                                                  CIVIL ACTION NO. 5:08cv300-DCB-MTP

BRUCE PEARSON; and
UNITED STATES DEPARTMENT OF HOMELAND SECURITY          RESPONDENTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion to Dismiss as Moot [10] the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [1], filed by Respondent Bruce Pearson on January 28, 2009. Petitioner has not responded to the motion.[1] Having considered the motion, all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the motion should be granted and the Petition should be dismissed with prejudice.

The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted). In this action, Petitioner seeks an order mandating that the Bureau of Prisons (BOP) correct its records to reflect that he is a United States Citizen, not an illegal alien. *See* Petition at 5. Respondent avers that the BOP records have been so corrected. *See* Exh. 1 to Motion to Dismiss (Declaration of Miguel A. Figueroa, Petitioner's Case Manager at the Federal Correctional

---

[1] On May 14, 2009, this court ordered [11] Petitioner to file a written response on or before May 29, 2009, showing cause why this case should not be dismissed as moot. Petitioner has not responded.

Complex in Yazoo City, Mississippi). Accordingly, it appears that the instant action is moot and, therefore, should be dismissed.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Carlos Garza's Petition for a Writ of Habeas Corpus [1] be denied and dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 1st of June, 2009.

s/Michael T. Parker
United States Magistrate Judge