IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


CARLOS GARZA, #54026-019                                        PETITIONER

VS.                                    CIVIL ACTION NO. 5:08-cv-300-DCB-MTP

BRUCE PEARSON and
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY                                                       RESPONDENTS


ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of June 1, 2009 **(docket entry no. 12).** Therein, Judge Parker recommends that the Motion to Dismiss **(docket entry no. 10)** filed by defendants Bruce Pearson ("Pearson") and the United States Department of Homeland Security ("United States") be granted and that Carlos Garza's ("Garza") petition **(docket entry no. 1),** brought pursuant to 28 U.S.C. § 2241, be dismissed with prejudice as moot. Also before the Court are Garza's Motion to Show Cause **(docket entry nos. 13, 17)**[1] and Judicial Notice **(docket entry nos. 15, 16).** Having reviewed the Report and Recommendation, the petitioner's responses thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner Carlos Garza is an inmate with the Bureau of

---

[1] The same motion was filed twice, once on June 4, 2009 and again on June 12, 2009.

Prisons ("BOP"). According to the petitioner, the records of the Bureau of Prisons and the Department of Homeland Security erroneously classify Garza as an illegal alien when, Garza contends, he is a United States Citizen. Garza filed a Petition for Writ of Habeas Corpus on October 10, 2008, asking the Court to order that the BOP's records be corrected to reflect his status as a legal United States Citizen.

On January 28, 2009, the respondents filed a Motion to Dismiss Garza's petition as moot because the BOP's records have been corrected and now accurately reflect Garza's status as a United States citizen. When Garza did not file a response to Pearson's motion, Judge Parker issued an order to show cause on May 14, 2009. Still receiving no reply from Garza, Judge Parker issued his Report and Recommendation on June 1, 2009, recommending that Garza's petition be dismissed as moot.

On June 4, 2009, after the Magistrate Judge filed his Report and Recommendation, Garza filed a document entitled "Motion to Show Cause". This document appears to be an untimely response to the Magistrate Judge's Order to Show Cause. In a subsequent filing, entitled "Judicial Notice", Garza explains that his response was untimely because it was mailed to the wrong address. The Court construes these documents collectively as Garza's objection to the Magistrate Judge's Report and Recommendation and considers them fully herein.

As to Garza's request that the Bureau of Prisons be required to correct its records, the Court agrees with the Magistrate Judge and the respondents that the request is moot. The respondents have provided evidence, in the form of a declaration by BOP Case Manager, Miguel Figueroa, that the BOP's records have been corrected to show that Garza is a United States citizen. Accordingly, the Court adopts in full the Magistrate Judge's Report and Recommendation, and the respondents' motion to dismiss is granted.

In objection to the Report and Recommendation, Garza asks the Court to grant him several forms of relief before dismissing his § 2241 petition as moot. First, Garza asks this Court to enter an order requiring the Bureau of Prisons to notify "all agencies" that its records have been corrected and that Garza is a United States citizen and not an illegal alien. Next, Garza asks the Court to take "judicial notice" that "the records be cleared with <u>I.C.E.</u> [United States Immigration and Customs Enforcement], <u>N.C.I.C.</u> [National Crime Information Center] and all other agencies that has [sic] an interest in my <u>status</u> as a United States citizen and not an Illegal Alien." (Pet.'s Mot. to Show Cause at 1) (emphasis in original). Garza further asks the Court to issue an order mandating that his Presentence Investigation Report be amended to correctly reflect his citizenship. Finally, Garza asks the Court to issue an order requiring all government agencies to maintain

accurate records and to make said agencies liable for any damages resulting from a failure to do so.

Garza does not, either in his original habeas corpus petition or in the objections presently before the Court, challenge his underlying convictions. He instead moves the Court to order that the records of several federal agencies be corrected to reflect his status as a United States Citizen. These requests, liberally construed in light of Garza's status as a pro se petitioner, appear to be brought pursuant to the Privacy Act.[2]

Assuming that the Privacy Act may provide Garza the relief he seeks, a § 2241 petition for habeas corpus is not a suitable means for pursuing that claim. See McIlwain v. Nalley, 2008 WL 355623 (N.D.N.Y. Feb. 7, 2008) (unpublished) (citing Bryan v. Quinlan, 528 F.Supp. 930, 932-33 (S.D.N.Y. 1981)) (additional citation omitted). "Whereas a petition for habeas corpus challenging present physical

---

[2] One district court has summarized the Privacy Act as follows:

> The Privacy Act was enacted to ensure that federal agencies maintain accurate records. Under 5 U.S.C. § 552a(e)(5), an agency 'must maintain all records which are used by the agency in making any determination about an individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.' An agency violates the Act when it maintains inaccurate records which are used to make a determination adverse to the individual. 5 U.S.C. § 522a(g)(1)(c).

Davis v. Driver, 2007 WL 2220997 (E.D. Tex. Aug. 2, 2007) (unpublished).

4

custody must be brought against the immediate custodian, an action under the Privacy Act must be brought against [each agency] that has allegedly violated the statute." Pagani-Gallego v. Sabol, 2008 WL 886032 (D. Mass. March 27, 2008) (unpublished) (citations omitted). Likewise, "while a litigant seeking relief under the Privacy Act seeks amendment of a record and/or damages, the 'core' of habeas corpus is speedier release." Id. (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Here, as previously noted, Garza does not seek a "speedier release". Nor has he filed suit against any of the agencies (N.C.I.C., I.C.E., etc.) which he alleges are maintaining inaccurate records. Accordingly, Garza's additional requests are without merit in this habeas corpus action.

## CONCLUSION

Based upon the foregoing,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry no. 12)** is adopted in its entirety as the findings of the Court.

IT IS FURTHER ORDERED that the petitioner's objections **(docket entry no. 13, 15, 16, 17)** to the Magistrate Judge's Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that the defendants' Motion to Dismiss **(docket entry no. 10)** is GRANTED.

IT IS FURTHER ORDERED that Carlos Garza's petition **(docket entry no. 1),** brought pursuant to 28 U.S.C. § 2241, is DISMISSED

WITH PREJUDICE.

A separate final judgment will be entered herein in accordance with this Order and as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 12th day of August 2009.

                                                s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE